O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9009 AHM (JEMx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | CYNDI MALMEN v. WORLD SAVINGS INC., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:        Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

    This case is before the Court on Defendant Wells Fargo's ("Wells Fargo") Motion[1] to Dismiss the Complaint for failure to state a claim and Motion[2] to Strike the Complaint.

    On October 25, 2010, Plaintiff Cyndi Malmen filed a complaint in San Luis Obispo County Superior Court in a home foreclosure action, alleging ten causes of action for: (1) declaratory relief; (2) breach of good faith and fair dealing; (3) fraud in general; (4) intentional misrepresentation of facts; (5) unfair and deceptive acts and practices; (6) unconscionability; (7) predatory lending under Cal. Bus. and Prof. Code § 17200 ("UCL"); (8) wrongful foreclosure; (9) violation of Cal. Civil Code § 2923.5; and (10) the commission of elder abuse in violation of Cal. Welf. and Inst. Code § 1510.30(a)(1)-(2). All claims are alleged against all Defendants: Wells Fargo, Wachovia Mortgage (which effectively has been acquired by Wells Fargo), and NDEx West, LLC ("NDEx").

    On November 22, 2010, Defendant Wells Fargo removed the case to federal court. NDEx consented to removal by the simultaneous filing of a joinder with Wells Fargo's Notice. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

    Wells Fargo filed these Motions to Dismiss and Strike the Complaint on November 29, 2010. Plaintiff filed her opposition on December 17, 2010, and Defendant filed its reply on December 27, 2010. The Court GRANTS in part, and DENIES in part

---

[1] Dkt. No. 5.

[2] Dkt. No. 6.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9009 AHM (JEMx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | CYNDI MALMEN v. WORLD SAVINGS INC., et al. | | |

Defendant's Motion to Dismiss as to moving Defendant Wells Fargo and Defendant NDEx.[3] Defendant's Motion is DENIED as to claim two, and GRANTED as to the remaining claims. However, Plaintiff is granted leave to amend as to only claims three, four, five, seven, and ten. Defendant's Motion to Strike is hereby DENIED as moot.

## I. BACKGROUND

The following is a timeline of the events relating to Plaintiff's loan and home foreclosure:

- June 23, 2005: Plaintiff obtained a loan for $300,000 from World Savings Bank, FSB.[4] Compl. ¶ 11. The loan was secured by a deed of trust on Plaintiff's residence. Compl. ¶¶ 1-2.

- May 26, 2010: Wells Fargo filed a Notice of Default against Plaintiff's residence. Compl. ¶ 26.

- August 26, 2010: Plaintiff submitted a loan modification packet to Wachovia, whose receipt was confirmed by Wachovia's staff. Compl. ¶ 23.

- September 1, 2010: Defendant NDEx filed a Notice of Trustee Sale on Plaintiff's property. Compl. ¶ 27.

- September 23, 2010: Plaintiff submitted, per Wachovia's request, additional information for consideration for a loan modification. Compl. ¶ 24.

- October 18, 2010: Counsel for Plaintiff requested the Notice of Trustee Sale, set for October 25, 2010, be postponed for Defendants to adequately review and process Plaintiffs submitted information. Compl. ¶ 28.

---

[3]Dkt. No. 12. On December 28, 2010, Defendant NDEx filed a Notice of Joinder in the Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).

[4]World Savings changed its name to Wachovia Mortgage, FSB and later became a division of Wells Fargo, now one of the Defendants in this case.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9009 AHM (JEMx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | CYNDI MALMEN v. WORLD SAVINGS INC., et al. | | |

Plaintiff contacted an employee of Wachovia between October 20 and 22, 2010, but Defendant refused to postpone the sale. Compl. ¶¶ 29-32. Plaintiff was granted an ex parte temporary restraining order by state court on October 25, 2010. Def.'s Mot., at 2. While the TRO is no longer in effect, Defendants have now agreed to postpone the sale pending an investigation into Plaintiff's eligibility and qualification for mortgage relief. Compl. ¶ 27; Def.'s Mot. at 2. Plaintiff alleges that she "had been responsive to all requests from Wells Fargo/Wachovia in her effort to obtain some form of mortgage relief" but that Defendants were non-responsive. Compl. ¶ 25. She is seeking relief based on Defendants' conducted related to the issuance of her loan, her request for loan modification, and the attempt to conduct a foreclosure sale on her residence.

**II.     LEGAL STANDARD**

A complaint may be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S.—, 129 S.Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. (internal quotation marks and ellipsis omitted).

The plausibility standard articulated in *Twombly* and *Iqbal*, requires that a complaint plead facts demonstrating "more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks and citation omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9009 AHM (JEMx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | CYNDI MALMEN v. WORLD SAVINGS INC., et al. | | |

more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Iqbal*, 129 S.Ct. at 1950 (internal citation, alteration, and quotation marks omitted); *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009)("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the pleader to relief.")(citing *Iqbal*, 129 S.Ct. at 1949).

To determine whether a complaint states a claim sufficient to withstand dismissal, a court considers the contents of the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-323 (2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The court must accept as true all factual allegations contained in the complaint. That principle, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1950. A complaint filed *pro se*, however, is "to be liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

### III. DISCUSSION

#### A. HOLA

The Court declines to find, as Defendant argues, that Plaintiff's claims are completely preempted by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461 *et seq. See Barela v. Downey Savings & Loan Assn.*, No. CV 09-3757 AHM (PLAx), 2009 WL 2578889, *3 (C.D. Cal. Aug. 18, 2009) (Matz, J.) (discussing HOLA's failure to completely preempt state law claims). The Court now addresses each of Plaintiff's claims in turn.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9009 AHM (JEMx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | CYNDI MALMEN v. WORLD SAVINGS INC., et al. | | |

### B.  Declaratory Relief Pursuant to Code Civil P. § 1060 (claim one)

Plaintiff seeks "declaratory relief pursuant to the Code of Civil Procedure Section 1060," and requests that the Court void her contract "on the ground that the contract is contrary to public policy and is unconscionable because the contract placed the Plaintiff in a position and into a loan product that was not affordable and was not to her benefit." Compl. ¶ 34.  However, there is no cause of action available to Plaintiff under § 1060, as the statute was repealed in 1969 by the California State Legislature.  See Cal. Civ. Code § 1060 (repealed by Stats. 1969, c. 155, p. 409, § 2, operative July 1, 1970). Plaintiff's claim one is therefore dismissed with prejudice.

### C.  Breach of Good Faith and Fair Dealing (claim two)

Plaintiff has sufficiently stated state a claim for breach of good faith and fair dealing.  Plaintiff's claim has met some of the basic pleading requirements of Rule 8(a). She states that Defendant willfully withheld numerous disclosures, placed Plaintiff in a loan for which she did not qualify, refused to negotiate with Plaintiff even after she had met the prerequisites of the contract, and denied Plaintiff's modification request.  Compl. ¶ 41.  Although Plaintiff does not specifically allege or identify the contract she entered into that forms the basis for the claim, the prior allegations (which are repeated and reincorporated) make it clear that she is referring to the loan documents.  Accordingly, Defendant's motion as to claim two is DENIED.

### D.  Fraud and Intentional Misrepresentation of Facts (claims three and four)

Plaintiff's third and fourth claims for fraud and intentional misrepresentation must meet the heightened pleading standard of particularity under Fed. R. Civ. P. 9(b).  *See Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003). In order to comply with Rule 9(b), the pleader must allege the "time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *See Schreiber Dist. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  Plaintiff's third and fourth claims do not meet this heightened standard.   They contain allegations that Defendants (collectively) made various misrepresentations, but do not specify which defendant made them (let alone which

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9009 AHM (JEMx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | CYNDI MALMEN v. WORLD SAVINGS INC., et al. | | |

individual employee of the defendant made them).[5] Plaintiff does, however, allege that the misrepresentations were made on June 23, 2005. Accordingly, Plaintiff's third and fourth claims are dismissed without prejudice, in order for Plaintiff, should she decide to amend the complaint, to allege the specific persons who made these misrepresentations.

Defendant is incorrect that the three-year statute of limitations on these claims has run. Code Civ. Proc. § 338 provides for a three-year statute of limitations for claims of fraud or mistake, which accrues upon "*the discovery*, by the aggrieved party, of the facts constituting the fraud or mistake." Plaintiff alleges that she did not discover the alleged fraud until after she received a Notice of Default, which she alleges to have occurred on May 26, 2010. Compl. ¶ 26. However, should Plaintiff choose to amend these counts, she must allege the date upon which she discovered the alleged fraud and misrepresentations.

### E. California Bus. & Prof. Code § 17200 (claims five and seven)

Plaintiff's fifth claim and seventh claim allege violations of California Bus. & Prof. Code § 17200, or the UCL. Claim five is for unfair and deceptive business act practices, and claim seven is for predatory lending. The only relief mentioned in either claim is for "damages," Compl. ¶ 62, although in her prayer for relief Plaintiff seeks an injunction. Plaintiff wishes to enjoin "Defendant from pursuing a trustee sale and/or foreclosure on the subject property." Compl., Prayer for Relief, ¶ 3. Plaintiff's home has not been sold, as Wells Fargo has chosen not to go forth with the trustee sale "to avoid burdening this Court with needless ex parte proceedings." Def.'s Mot., at 2. Because Plaintiffs cannot recover damages under the UCL, *see* Cal. Bus. & Prof. Code § 17200; *Kaldenbach v. Mutual of Omaha Life Ins. Co.,* 178 Cal. App. 4th 830, 847 (4th Dist. 2009) ("Although a private citizen can sue under the UCL, only equitable remedies are available (e.g., injunction, restitution), and damages are not an available remedy."), these claims are dismissed with prejudice as to damages. Plaintiff, however, is permitted to seek an injunction under the UCL, and has sufficiently stated a claim for injunctive relief; no amendment is necessary.

---

[5]Plaintiff, in fact, references "Defendant AHMS," which is not a defendant in this case. Compl. ¶ 45.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9009 AHM (JEMx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | CYNDI MALMEN v. WORLD SAVINGS INC., et al. | | |

### F. Unconscionability (claim six)

Plaintiff's sixth cause of action fails, because unconscionability is a defense to the enforcement of a contract, and not a valid cause of action. *See, e.g., California Grocers Assn. v. Bank of America*, 22 Cal. App. 4th 205, 217 (1994). Plaintiff's sixth cause of action is therefore dismissed with prejudice.

### G. California Civil Code §§ 2923.5 & 2923.6 (claims eight and nine)

Plaintiff's eighth claim is for wrongful foreclosure under Cal. Civ. Code § 2923.6. Plaintiff's ninth claim is for violations of Cal. Civ. Code § 2923.5.

California Civil Code section 2923.6 is a statement of legislative findings and declarations to the effect that loan modification may be desirable under certain circumstances. It imposes no duties on lenders such as Wells Fargo and therefore is not the basis for a legal claim. This claim is dismissed without leave to amend.

Claim nine is also dismissed with prejudice because Exhibits H and I of Defendant's Request for Judicial Notice shows that both NDEx and Wells Fargo did, indeed, comply with the requirements of Cal. Civ. Code § 2923.5, including providing a declaration with the notice of default that they had complied with this section.

### H. Cal. Welf. & Inst. Code § 15160.30(a)(1)-(2) (claim ten)

Plaintiff states that Defendants' conduct constitutes elder abuse; however, Plaintiff has failed to identify how Defendant has violated the referenced California statutes. Compl.¶ 96-100. Plaintiff also fails to specify what actions taken by Defendants constituted such elder abuse within the purview of the statutes. Plaintiff, therefore, fails to state a claim, and the claim is dismissed with leave to amend.

## IV. CONCLUSION

The Court GRANTS in part and DENIES in part the Motion to Dismiss as to both Defendant Wells Fargo (Dkt. No. 5) and Defendant NDEx (Dkt. No. 12). Defendant's Motion is DENIED as to claim two, and GRANTED as to the remaining claims. Plaintiff

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9009 AHM (JEMx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | CYNDI MALMEN v. WORLD SAVINGS INC., et al. | | |

may file an amended complaint on claims three, four, five, seven, and ten. Claims one, six, eight, and nine are dismissed with prejudice. As to claims five and seven, the UCL claims, are dismissed with prejudice only as to damages, but Plaintiff may pursue injunctive relief under these claims, which do not have to be amended. Below is a summary of the Court's ruling:

| **Claim** | **Ruling** |
|---|---|
| 1. Declaratory Relief Pursuant to Code Civil P. § 1060 | Dismissed with prejudice |
| 2. Breach of Good Faith and Fair Dealing | Motion denied. Sufficiently stated a claim. |
| 3. Fraud | Dismissed with leave to amend |
| 4. Intentional Misrepresentation | Dismissed with leave to amend |
| 5. Cal. Bus. & Prof. Code § 17200 | Dismissed with prejudice as to damages only; no need to amend |
| 6. Unconscionability | Dismissed with prejudice |
| 7. Cal. Bus. & Prof. Code § 17200 | Dismissed with prejudice as to damages only; no need to amend |
| 8. Cal. Civil Code § 2923.5 | Dismissed with prejudice |
| 9. Cal. Civil Code § 2923.6 | Dismissed with prejudice |
| 10. Cal. Welf. & Inst. Code § 15160.30 (a)(1)-(2) | Dismissed with leave to amend |

The amended complaint must be filed by not later than January 24, 2011.

Defendant's Motion to Strike is DENIED as moot. (Dkt. No. 6).

As to their mortgage default, Plaintiff is advised to look into whether she may be

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9009 AHM (JEMx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | CYNDI MALMEN v. WORLD SAVINGS INC., et al. | | |

entitled to some relief under Wells Fargo Bank's recent agreement with the California Attorney General concerning "pick-a-payment borrowers" whose homes or properties were foreclosed.

No hearing is required. Fed. R. Civ. P. 78; Local Rule 7-15.

: 

Initials of Preparer        SMO