O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9009 AHM (JEMx) | Date | April 18, 2011 |
|---|---|---|---|
| Title | CYNDI MALMEN v. WORLD SAVINGS INC., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:     Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

This case is before the Court on Defendant Wells Fargo's ("Wells Fargo") Motion[1] to Dismiss the Second Amended Complaint ("SAC") for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and 9(b). For the following reasons, the Court DENIES Defendant's Motion.

## I.    BACKGROUND

The parties are familiar with the factual background of this case. Accordingly, the Court focuses on the procedural background.

On October 25, 2010, Plaintiff Cyndi Malmen filed a complaint in San Luis Obispo County Superior Court in a home foreclosure action, alleging ten causes of action related to Defendants' conduct surrounding the issuance of her loan, her request for loan modification, and the attempt to conduct a foreclosure sale on her residence. Plaintiff brings this action against Defendants Wells Fargo, Wachovia Mortgage (which effectively has been acquired by Wells Fargo), and NDEx West, LLC ("NDEx").[2]

---

[1] Dkt. No. 38.

[2] On March 4, 2011, the Court granted the Parties' stipulation to NDEx's non-monetary status, ordering that while NDEx "shall have no liability to Plaintiff for any monetary damages, attorney's [sic] fees or costs of suit . . . [it] shall be bound by any non-monetary judgment or order . . . concerning (a) ownership and title to the subject real property, (b) the validity, enforceability and priority of the subject Deed of Trust, and/or

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9009 AHM (JEMx) | Date | April 18, 2011 |
|---|---|---|---|
| Title | CYNDI MALMEN v. WORLD SAVINGS INC., et al. | | |

On November 22, 2010, Defendant Wells Fargo removed the case to federal court. NDEx consented to removal by the simultaneous filing of a joinder with Wells Fargo's Notice. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

On January 7, 2011, this Court issued an Order GRANTING in part and DENYING in part Defendants' (both Wells Fargo and NDEx's) Motion to Dismiss. Dkt. 18. The Court dismissed several of Plaintiff's claims with prejudice, but allowed Plaintiff to file an amended complaint on claims three, four, five, seven, and ten. Plaintiff was ordered to file an amended complaint by not later than January 24, 2011. Plaintiff eventually filed her first amended complaint ("FAC") on January 25, 2011. Dkt. 24. In the Court's February 7, 2011 Scheduling Conference, the Court ordered that any second amended complaint must be filed by not later than February 14, 2011. Dkt. 34.

On February 16, 2011,[3] Plaintiff filed a SAC. Dkt. 36. This complaint is the current operative pleading. In it, Plaintiff alleges five causes of action for: (1) breach of good faith and fair dealing; (2) intentional misrepresentation of facts; (3) negligent misrepresentation of facts; (4) unfair and deceptive acts and practices; and (5) predatory lending under Cal. Bus. & Prof. Code § 17200.

On March 2, 2011, Defendant Wachovia Mortgage/Wells Fargo filed this Motion to Dismiss. In it, Defendant seeks to dismiss Plaintiff's second and third claims for relief, for intentional misrepresentation and negligent misrepresentation of facts.

## II. LEGAL STANDARD

A complaint may be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

(c) the non-judicial foreclosure proceeding." Dkt. 41.

[3]The Court notes that Plaintiff, who is represented by counsel, has failed to adhere strictly to the Court's deadlines, such as by the late-filing of her FAC, SAC, and the Opposition to the current motion, the latter of which was filed a week late. The Court will not tolerate such tardiness in the future. *See* L.R. 7-12.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9009 AHM (JEMx) | Date | April 18, 2011 |
|---|---|---|---|
| Title | CYNDI MALMEN v. WORLD SAVINGS INC., et al. | | |

plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S.—, 129 S.Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. (internal quotation marks and ellipsis omitted).

The plausibility standard articulated in *Twombly* and *Iqbal*, requires that a complaint plead facts demonstrating "more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks and citation omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Iqbal*, 129 S.Ct. at 1950 (internal citation, alteration, and quotation marks omitted); *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009)("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the pleader to relief.")(citing *Iqbal*, 129 S.Ct. at 1949).

To determine whether a complaint states a claim sufficient to withstand dismissal, a court considers the contents of the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-323 (2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The court must accept as true all factual allegations contained in the complaint. That principle, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1950. A complaint filed *pro se*, however, is "to be liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9009 AHM (JEMx) | Date | April 18, 2011 |
|---|---|---|---|
| Title | CYNDI MALMEN v. WORLD SAVINGS INC., et al. | | |

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

### III. DISCUSSION

#### A. Statute of Limitations

Defendant argues that Plaintiff's second and third causes of action are time-barred.

California Code Civ. Proc. § 338 provides for a three-year statute of limitations for claims of fraud or mistake, which accrues upon "the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." This Court previously found Plaintiff's fraud claims were not time barred, and granted Plaintiff leave to amend to allege "the date upon which she discovered the alleged fraud and misrepresentations." Dkt. 18. Plaintiff has done so, alleging that in August 2008, she "started to have a hard time to make [sic] her mortgage payments and realized that she could not afford the loan she was given." Compl. ¶ 29. The Court construes that date as the date of discovery. Her cause of action for intentional misrepresentation is therefore not time-barred.

Defendant contends that a two-year statute of limitations applies to Plaintiff's third cause of action for negligent misrepresentation. "A negligent misrepresentation claim has either a two- or three-year statute of limitations." *Fanucci v. Allstate Ins. Co.*, 638 F. Supp. 2d 1125, 1133 (N.D.Cal. 2009) (Chen, M.J.) (applying a three-year statute of limitations for fraud to a claim for negligent misrepresentation where plaintiff's complaint included allegations of deceit and that defendant had no reasonable grounds for believing that his representations were true when made). Defendant cites to *Ventura County Nat'l Bank v. Macker*, 49 Cal. App. 4th 1528, 1530-31(1996), to convince this Court to apply a two-year statute of limitations here. However, *Macker* is distinguishable, as there, the court found "the essence of this cause of action [for negligent misrepresentation] is negligence, not fraud." *Id*. In *Macker*, the plaintiff sued defendant, a bank, for accounting malpractice. *Id*. at 1529. Plaintiff alleged that

O

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9009 AHM (JEMx) | Date | April 18, 2011 |
|---|---|---|---|
| Title | CYNDI MALMEN v. WORLD SAVINGS INC., et al. | | |

defendant's accountants made false representations concerning an audit report of a company's financial statements and certified that the audit report was accurate. *Id*. at 1531. The trial court dismissed plaintiff's second cause of action for fraud based on negligent representation, applying a two year statute of limitations of California Code of Civil Procedure § 339(1) for accounting malpractice. *Id*. at 1530. The Court of Appeal affirmed the trial court's dismissal and application of a two-year statute of limitations, holding that "[plaintiff's] allegations show a failure to meet a standard of reasonable care which results in the tortious invasion of a property right." *Id*. Here, Plaintiff is not attempting to show Defendant failed to meet a standard of reasonable care; rather, the focus of Plaintiff's claim is deceit. Unlike *Macker*, the complaint and the action itself is not based on allegations or a cause of action for malpractice. Moreover, as in *Fanucci*, 638 F. Supp. 2d at 1133, Plaintiff's claim for negligent misrepresentation includes allegations of deceit, which the court in *Fanucci* found to require the application of a three year statute of limitations. These allegations are as follows: "Wachovia's representation was not true and Wachovia had no reasonable basis to believe its representation was true." Compl. ¶ 61. The Court, therefore, applies a three-year statute of limitations to Plaintiff's claim for negligent misrepresentation, and finds that Plaintiff's claim is not time-barred under that statute of limitations.

**B. Rule 9(b)**

Plaintiff's second and third claims for intentional misrepresentation and negligent misrepresentation must meet the heightened pleading standard of particularity under Fed. R. Civ. P. 9(b). Federal Rule of Civil Procedure 9(b) requires that "[i]n averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." "[I]t is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements." *In re GlenFed, Inc. Secur. Lit.*, 42 F.3d 1541, 1547-48 (9th Cir. 1994). In order to satisfy these heightened pleading requirements, a complaint must "adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Id*. at n.7.

Here, Plaintiff alleges the time the representations were made (June 23, 2005); the content of the statements themselves (that Plaintiff's property would increase in value,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9009 AHM (JEMx) | Date | April 18, 2011 |
|---|---|---|---|
| Title | CYNDI MALMEN v. WORLD SAVINGS INC., et al. | | |

she would have no problem refinancing her home in the future, and she qualified for the loan based on her income only); the location of the misrepresentations (a World Savings branch bank); and who made those statements (a bank employee). Compl. ¶¶ 14, 16-17. She also alleges that she would not have stopped making payments on her loans if it were not for a statement made by a Wachovia employee, who said, "[Wachovia] could only help her if she was about three months behind on her mortgage payments, so if she want[ed] a modification, she would need to be three months behind." Compl. ¶ 30. "Based on these representations, Plaintiff did not pay her mortgage for about three months, ending in October 2008." *Id.*

Defendant contends the Complaint does not meet the 9(b) requirements because "Plaintiff does not identify a single employee or person who supposedly made any of these purported statements . . . [and] the SAC fails to allege a single specific fact showing anyone's authority to speak, to whom they spoke, what they said, or when." Mot., at 6. The SAC, however, has alleged what the representative said to Plaintiff and when. While the SAC does not allege specifically the identity or name of this employee, Defendant cites to no authority that *requires* a plaintiff to state the employee's name in the operative pleading in order to meet the Rule 9(b) standards. Discovery is the means to obtain that information. The authority Defendant cites is not on point, and is distinguishable. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531 (9th Cir. 1989), for example, was a securities action where "defrauded investors who lost money in the purchase of unregistered securities sued the principals involved, as well as various accountants, lawyers and stockbrokers." *Id*. at 533. The Ninth Circuit affirmed the dismissal of the investors' complaint against the accountants, lawyers, and stockbrokers, holding that appellants' allegations against the stockbrokers were not pled with paricularlity under 9(b). *Id*. These allegations consisted of: "that the stockbroker defendants 'were associated with [Celani, Celani & Associates, Inc. ("CCA") ], distributed sales promotion data which contained misrepresentations and omissions of fact as herein alleged, for CCA, sold units in the limited partnerships of [sic] some of the plaintiffs, recommended the CCA limited partnerships and were a substantial and motivating force in the sales to plaintiffs.'" *Id*. at 538. In other words, the vague and generic allegations did not allege a specific time, place, or even one specific employee; instead the allegations pertained to a general group of stockbrokers.

For a court to expect and require that an individual consumer engaging in a

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9009 AHM (JEMx) | Date | April 18, 2011 |
|---|---|---|---|
| Title | CYNDI MALMEN v. WORLD SAVINGS INC., et al. | | |

mortgage transaction would always inquire as to the lender's employee's name, with the thought that this employee would inflict a future wrong on her, seems both far-fetched and unrealistic. At least in circumstances such as this, such a requirement would also inappropriately raise the pleading burden for plaintiffs.

### C. Puffery

Defendant also argues that the employee's statements regarding Plaintiff's qualification for the loan were "vague opinions or opinions about future possibilities . . . [which] amount to mere 'puffery.'" Mot., at 6. However, even if a lender could invoke the concept of puffery to get away with deception, this lender did not merely engage in puffery.

The Ninth Circuit has "concluded that the determination of whether an alleged misrepresentation is a statement of fact or is instead mere puffery is a legal question that may be resolved on a Rule 12(b)(6) motion." *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1053 (9th Cir. 2008) (quotation marks omitted) (citing *Cook, Perkiss, & Liehe v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 245 (9th Cir. 1990)).

The *Newcal Industries* court summarized the state of the law on puffery as follows:

> A statement is considered puffery if the claim is extremely unlikely to induce consumer reliance. Ultimately, the difference between a statement of fact and mere puffery rests in the specificity or generality of the claim. . . . The common theme that seems to run through cases considering puffery in a variety of contexts is that consumer reliance will be induced by specific rather than general assertions. Thus, a statement that is quantifiable, that makes a claim as to the specific or absolute characteristics of a product, may be an actionable statement of fact while a general, subjective claim about a product is non-actionable puffery."

*Newcal*, 513 F.3d at 1053 (quotation marks and citations omitted) (affirming district court's holding that defendant's statement that it "would deliver 'flexibility' in [its] 'cost-

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9009 AHM (JEMx) | Date | April 18, 2011 |
|---|---|---|---|
| Title | CYNDI MALMEN v. WORLD SAVINGS INC., et al. | | |

per-copy' contracts and that [it] would lower copying costs for consumers" was non-actionable puffery).

Here, Defendant made claims as to the specific characteristics of the loan, as alleged in the SAC. These include statements that: (1) Plaintiff qualified for a loan based on her income only and that there was no need to include another co-signer on the loan, Compl. ¶ 17; (2) she would have "no problem" refinancing her home in the future and repaying the loan because her home would go up in value, Compl. ¶ 16; (3) her payments on the loan would be low, *Id.*; and (4) she would need to fall behind on her payments in order to receive help from Wachovia, Compl. ¶ 30. In reliance on these statements, Plaintiff purchased the loan and later stopped making payments. These statements do not amount to "mere puffery" and cannot be dismissed on that basis.

### IV.  CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion.[4]

:

Initials of Preparer    SMO

---

[4] Dkt. No. 38.